UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

Case No. 11-20429-MC-GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EDDY BISMARCK NUNEZ-GARRIDO,

    Defendant.
_____/

## ORDER GRANTING GOVERNMENT'S MOTION TO VACATE ORDER HOLDING EDDY BISMARCK NUNEZ-GARRIDO AT FDC-MIAMI PENDING FURTHER ORDER OF COURT

This matter is before the Court on the government's Motion to Vacate Order Holding Eddy Bismark Nunez-Garrido at FDC-Miami Pending Further Order of Court. [ECF No. 80]. The Court hereby **GRANTS** the government's motion but with the conditions described below.

On November 14, 2011, Nunez-Garrido filed a motion for an order directing the government to hold him at FDC-Miami until his to-be-filed habeas corpus petition had been ruled upon. [ECF No. 77]. The government did not oppose the requested relief and, therefore, the Court entered an order granting the motion the very same day. [ECF No. 78]. Despite indicating in his motion that he will file a habeas corpus petition "in a timely manner," Nunez-Garrido has not filed a habeas corpus petition to date.

On May 14, 2012, the government filed a motion requesting that the Court vacate the hold order on account of Nunez-Garrido's failure to file a habeas corpus petition. [ECF No. 80]. On May 15, 2012, the Court entered an endorsed order requiring Nunez-

Garrido to respond to the motion and to indicate "clearly, succinctly and unequivocally" therein whether he intends to file a habeas petition and, if so, when he anticipates doing so. [ECF No. 81]. The Court also cautioned Nunez-Garrido that "the Court expects the habeas petition (if one is going to be filed) to be filed **EXTREMELY** soon. Nunez should be viewing the deadline to file the long-delayed petition to be a matter of mere *days*." (emphasis in original).

Nunez-Garrido responded by stating that he does, in fact, intend to file a petition and requested until June 15, 2012 to do so. [ECF No. 82]. In its reply, the government maintained its position that an order vacating the hold order was appropriate. [ECF No. 84]. The government also noted that, given the internal review this case must still undergo in the State Department, Nunez-Garrido would remain at FDC-Miami for "at least a few days and . . . probably . . . closer to a month" after the hold order is vacated.

In light of this procedural history, the Court **GRANTS** [ECF No. 80] the government's motion to vacate but with the following conditions:

(1) The government shall not remove Nunez-Garrido from FDC-Miami until **Friday, June 1, 2012**, on which date the Court's [ECF No. 78] Order Granting Unopposed Motion for Order to Hold Eddy Bismarck Nunez-Garrido at FDC-Miami Pending Habeas Corpus Petition will **EXPIRE**. Although Nunez-Garrido has had more than 6 months following the order granting the unopposed motion to hold him at FDC-Miami to meet with his counsel, the order here will give him some additional time to finalize his discussions with counsel before the initial hold order is vacated.

(2) While the government shall not be required to keep Nunez-Garrido at FDC-Miami past the expiration of the hold order, if Nunez-Garrido does remain at FDC-Miami after the hold order expires, then the government shall accommodate visitation from counsel in the same manner as it does requests from counsel of similarly situated inmates.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 22nd day of May, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
All counsel of record
Warden, FDC-Miami